**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:89-cr-22 (WLS) |
| | : | |
| GEORGE CURRY HUDSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### **ORDER**

Before the Court are two pro se motions from Defendant George Curry Hudson. (Docs. 284, 285.) Hudson has styled these motions as motions "to reconsider, reduce, resentence under Amendment 750 'or' Rule 35, Federal Rule of Criminal Procedure 346 U.S. 505 (1954) to Stop Fundamental Defect and Complete Miscarriage of Justice." (*Id.*) Although Hudson styled his filings as motions for reconsideration, the Court plans to construe them as motions to vacate under 28 U.S.C. § 2255.

Courts construe pro se filings liberally to afford review to any "legally justifiable base." *Smith v. United States*, 420 F. App'x 944, 945–46 (11th Cir. 2011) (quoting *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997)). "Federal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n. 2 (11th Cir.2003). The court may ignore the label a pro se party attaches to his motion to avoid unnecessary dismissal, a stringent application of formal labeling requirements, or to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003).

1

Here, Hudson challenges the validity of his sentence based on the vacatur of his state-court convictions. He argues his sentence violated his due process right to be sentenced based on accurate information. A motion to vacate or set aside sentence under 28 U.S.C. § 2255 is the only vehicle for Hudson to raise such a claim. The Court lacks inherent authority to reduce or modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). The invalidly of a sentence is not grounds for modification under 18 U.S.C. § 3582(c). And a Rule 35 motion would be untimely. Fed. R. Crim P. 35(a). Further, while Hudson styles his motion as a motion for reconsideration, he does not refer to the Court's February 20, 2013 Order or challenge any of the law upon which it relied.

The Supreme Court has held that a district court must notice a prisoner before recharacterizing a motion as a first motion to vacate under 28 U.S.C. § 2255. *Castro*, 540 U.S. at 383; *United States v. Davis*, 140 F. App'x 189, 190 n.1 (11th Cir. 2005) ("The instant motion was not Davis's first collateral attack on his conviction and sentence; hence, Castro notice was not required."). There is some ambiguity about whether Hudson must be noticed. If construed as a motion to vacate under § 2255, Hudson's motion would be his second motion to vacate. But it would not be a "second or successive" petition under the statute, as Hudson raises a claim he could not have raised in his first petition. *See Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011) (holding that appellant's petition was not a second or successive petition because the basis he challenged—the invalidity of state-court convictions used for enhancement—could not have been raised until the state court vacated those convictions).

Given this ambiguity, the Court **NOTICES** Hudson as to the following:

2

- The Court intends to recharacterize Hudson's motions for reconsideration as motions to vacate under 28 U.S.C. § 2255.
- After the recharacterization, any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions.
- Hudson may withdraw his motions or amend them to contain all the § 2255 claims he believes he has.

Hudson must withdraw his motions or object to the recharacterization within **fourteen (14) days** from the entry of this Order. If Hudson chooses not to object or withdraw his motions, he may supplement them within **twenty-one (21) days** of the entry of this Order to add any available claim or show he acted with due diligence in pursuing the vacatur of his state-court convictions. *See Johnson v. United States*, 544 U.S. 295, 302 (2005). The Government may respond to any supplement or objection within **fourteen (14) days** of the filing of the supplement or objection. After the passage of **thirty-five (35) days** from the entry of this Order, the Court will issue its ruling. Because Hudson is now represented by counsel, all future filings should be through his counsel of record.

**SO ORDERED**, this  17th   day of May 2013

/s/ W. Louis Sands  
**THE HONORABLE W. LOUIS SANDS**
**UNITED STATES DISTRICT COURT**