# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No.: 1:89-cr-22 (WLS) |
| : | |
| GEORGE CURRY HUDSON, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Before the Court are two pro se motions from Defendant George Curry Hudson. (Docs. 284, 285.) For the reasons that follow, Hudson's motions are **DENIED**.

## FACTUAL and PROCEDURAL BACKGROUND

Defendant George Curry Hudson ("Hudson") is serving a 420-month federal sentence for conspiracy with intent to distribute more than fifty grams of cocaine base, two counts of possession with intent to distribute 18.2 grams and 41.6 grams of cocaine base, and money laundering.[1] On May 29, 1991, the Court sentenced Hudson as a career offender under U.S.S.G. § 4B1.1 because he had more than two prior convictions for controlled substance offenses. The Eleventh Circuit, on direct appeal, affirmed. Hudson also filed an unsuccessful motion to vacate under 28 U.S.C. § 2255.

On November 11, 2011, Hudson filed a *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c), based on the Sentencing Commission's amendments to the crack cocaine guidelines. Because Hudson was sentenced as a career offender, the Court denied his motion on February 20, 2013. Hudson, through appointed counsel, filed a notice of appeal March 6, 2013. On March 8, 2013, Hudson filed a *pro se* motion for

---

[1] Hudson is serving a 320-month sentence for money laundering, running concurrent to his drug offenses.

1

reconsideration. He filed another *pro se* motion for reconsideration on March 12, 2013. The United States responded to these motions.

Hudson styled his motions for reconsideration as motions "to reconsider, reduce, resentence under Amendment 750 'or' Rule 35, Federal Rule of Criminal Procedure 346 U.S. 505 (1954) to Stop Fundamental Defect and Complete Miscarriage of Justice." In the motions, he asks the Court to grant his motion to reduce under Amendment 750. He claims his sentence is a fundamental miscarriage of justice and that he has a due process right to be sentenced upon accurate information. The factual basis for this claim is ostensibly that the Superior Court of Dougherty County vacated five of his state-court convictions via a writ of habeas corpus. Some of these convictions supported his career offender status.

Hudson attached a copy of the order vacating the convictions to his motions. In the order, the Superior Court explained that Hudson filed a writ of habeas corpus challenging the validity of his guilty pleas and sentences because he did not knowingly and voluntarily waive his constitutional rights under *Boykin v. Alabama*, 395 U.S. 238 (1969). After a review of the records on file with the Superior Court Clerk, the Superior Court found that the records failed to evince the knowing and voluntary nature of Hudson's pleas. Further, the State of Georgia bore the burden of establishing that the pleas were knowing and voluntary, and the State failed to provide any evidence, transcript, or even a brief on the issue. Because "[a] waiver of fundamental rights will not be presumed by a silent record," the Superior Court vacated five of Hudson's state convictions, all of which dated back to the 1980s. The Superior Court entered this order on September 5, 2012. The Superior Court's docket reflects Hudson filed his state petition for a writ of habeas corpus in July 2008.

Initially, the United States opposed Hudson's motions because his notice of appeal divested the Court of jurisdiction. Further, per the United States, Hudson did not present grounds for relief under 18 U.S.C. § 3582 or Rule 35. Should the Court construe Hudson's motions as motions to vacate under 28 U.S.C. § 2255, the United States maintains it should be denied because Hudson did not act diligently in discovering the factual basis for those claims. By letter dated April 3, 2013, the clerk of the Court of Appeals for the Eleventh Circuit informed the Parties that the "notice of appeal was filed before the disposition of a timely tolling motion" and that the "effectiveness of the notice [of appeal] is suspended until the motion(s) is/are disposed of." Based on this letter, the United States withdrew its jurisdictional argument but maintains Hudson is not entitled to relief.

On May 17, 2013, the Court noticed Hudson that it planned to treat his motions for reconsideration as motions to vacate under 28 U.S.C. § 2255. The Court gave Hudson the opportunity to withdraw his motions or supplement them. He did neither. The time to do so has passed, and the Court now turns to the merits.

## **DISCUSSION**

The Court agrees with the United States that Hudson is not entitled to resentencing or a reduction in his sentence. Although Hudson styled his filings as motions for reconsideration, the Court construes them as motions to vacate under 28 U.S.C. § 2255. Courts construe *pro se* filings liberally to afford review to any "legally justifiable base." *Smith v. United States*, 420 F. App'x 944, 945–46 (11th Cir. 2011) (quoting *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997)). Further, the Court may ignore the label a *pro se* party attaches to a particular motion in order to place its

substance within its proper legal framework. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003).

Here, Hudson challenges the validity of his sentence based on the vacatur of his state-court convictions. He argues his sentence violated his due process right to be sentenced based on accurate information. A motion to vacate or set aside sentence under 28 U.S.C. § 2255 is the only vehicle for Hudson to raise such a claim. The Court lacks inherent authority to reduce or modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). The invalidly of a sentence is not grounds for modification of a sentence under 18 U.S.C. § 3582(c). And a Rule 35 motion would be untimely. Fed. R. Crim P. 35(a). Further, while Hudson styles his motion as a motion for reconsideration, he does not refer to the Court's February 20, 2013 Order or challenge any of the law upon which it relied.

Although a motion to vacate under § 2255 is the only vehicle for Hudson to raise the instant claim, he is not entitled to relief.[2] As an initial matter, even though Hudson filed a previous motion to vacate under 28 U.S.C. § 2255, the instant motion is not a "second or successive" petition because the factual basis for Hudson's claim did not arise until the Superior Court vacated his previous convictions. *See Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011) (holding that appellant's petition was not a second or successive petition because the grounds he challenged—the invalidity of state-court convictions used for enhancement—could not have been raised until the state court vacated those convictions). But Hudson's motions must be denied anyway because they are untimely.

---

[2] Rule 4 of the Rules for Proceedings Under 28 U.S.C. § 2255 require the Court to conduct a preliminary review of the Hudson's motions.

Under 28 U.S.C. § 2255, a federal prisoner must file his or her petition within one year of certain events. § 2255(f). The limitation runs, for example, from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). In *Johnson v. United States*, 544 U.S. 295 (2005), the Supreme Court held that the vacatur of state-court convictions used to enhance a federal sentence can restart the one-year limitation period under 28 U.S.C. 2255(f)(4). 544 U.S. at 302. But the petitioner must show due diligence in seeking a state-court order vacating his convictions. *Id.* In general, he or she must exercise diligence from the date the federal court enters judgment in the case. *Id.* at 309.

Hudson did not act diligently in seeking an order from Superior Court vacating his convictions. In fact, Hudson waited almost eighteen years before challenging the knowing and voluntary nature of his pleas. Other courts have held that far shorter delays were not diligent. *Johnson.* 544 U.S. at 311 (three-year delay); *Arroyo v. United States*, 359 F. App'x 118, 121 (11th Cir. 2009) (three-year delay and reasoning, "In general, a delay of this length will negate a finding of due diligence"); *Wright v. United States*, 301 F. App'x 871, 874 (11th Cir. 2008) (two years); *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005) (four years); *United States v. Griffin*, 134 F. App'x 277, 279 (11th Cir. 2005) (three years). Hudson failed to provide evidence he acted diligently in vacating his state-court convictions. In fact, he did not even try to explain the lengthy delay, despite the Court's invitation for him to do so. The Court is, therefore, compelled to conclude his motion to vacate is untimely.

His motions (Docs. 284, 285), which the Court construes as motions to vacate, are **DENIED**.

**SO ORDERED**, this  25th  day of June 2013

                                           /s/ W. Louis Sands
                                   **THE HONORABLE W. LOUIS SANDS,**
                                       **UNITED STATES DISTRICT COURT**